

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**Steven Cox, Thomas Bingham, Edward Kalen**
**and Michael McCarty, Robert Scott Feldman,**
    Plaintiffs,

                                             **CIVIL VERIFIED**
                                             **COMPLAINT**

vs.

                                           **08 -CV- 0387**

**Onondaga County Sheriff's Department, Kevin E.**      **NPM / GJD**
**Walsh, Sheriff, Captain John Wolszyn, Deputy**
**Sheriff Odell Willis, Onondaga County,**
**Nicholas Pirro, Onondaga County Executive,**
**Joannie Mahoney, Onondaga County Executive,**
    Defendants.

1. The following actions allege retaliation for having previously complained of racial discrimination arising under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e) et seq, (hereinafter referred to as Title VII), 42 U.S.C. Subsection 1981, 1983, 1985 and 1988, the Fourteenth Amendment to the Constitution of the United States of America, (hereinafter referred to as the "Fourteenth Amendment", Section 290, et seq. of the New York State Executive Law, (hereinafter referred to as the Human Rights Law), Article 1, Section 11 of the Constitution of the State of New York (hereinafter referred to as the New York State Constitution).

2. This Court has jurisdiction over the aforesaid federal causes of action pursuant to 28

U.S.C. 1331 and 1343 and its exercise of supplemental jurisdiction over Plaintiffs' claims under the Human Rights Laws of the State of New York and the New York Constitution is hereby requested as a means of conserving judicial resources and of facilitating a final determination fo all related claims within a single forum.

3. The unlawful practices alleged below were committed in the City of Syracuse, County of Onondaga, State of New York which is within the Northern District of the State of New York.

4. Plaintiff, Steven Cox is a 41 year old Caucasian male residing in Onondaga County and has been employed by the Onondaga County Sheriff's Department for the past 17.5 years as a Deputy Sheriff, Transport Division.

5. Plaintiff, Thomas Bingham is a 43 year old Caucasian male residing in Onondaga County and has been employed by the Onondaga County Sheriff's Department for the past 21.5 years as a Deputy Sheriff, Transport Division.

6. Plaintiff, Edward Kalen is a 47 year old Caucasian male residing in Onondaga County and has been employed by the Onondaga County Sheriff's Department for the past 21 years as a Deputy Sheriff, Transport Division.

7. Plaintiff, Michael McCarty is a 50 year old Caucasian male residing in Onondaga County and has been employed by the Onondaga County Sheriff's Department for the past 19.75

years as a Deputy Sheriff, Transport Division.

8. Plaintiff, Robert Scott Feldman is a 45 year old Caucasian male residing in Onondaga County and has been employed by the Onondaga County Sheriff's Department for the past 19.75 years as a Deputy Sheriff, Transport Division.

9. Upon information and belief, Defendant Onondaga County (hereinafter referred to as County) at all times hereinafter mentioned was and is a municipal governmental body in the State of New York and did and does now employ more than fifteen (15) persons and was and is now engaged in an industry affecting commerce.

10. Upon information and belief, Defendant Onondaga County Sheriff's Department, (hereinafter referred to as Sheriff's Department), was and is a governmental body within the State of New York with a principal address at Justice Center, 555 South State Street, Syracuse, New York 13202 and was and is an agent of the Defendant Onondaga County.

11. Upon information and belief, Defendant Odell Willis is an African American male residing in Onondaga County and has been employed by the Onondaga County Sheriff's Department for the past 19.75 years as a Deputy Sheriff, Transport Division.

12. Upon information and belief, Defendant John Wolozsyn is a Caucasian male residing in Onondaga County and is been employed by the Onondaga County Sheriff's Department as a Captain.

13. The Plaintiffs are acting members of Defendant Onondaga County Sheriff's Department in good standing and were such on or about July of 2005.

14. On February 11, 2006, and within 300 days of the occurrence of the acts on which this Complaint is based, Plaintiffs filed charges of retaliation with the United States Equal Employment Opportunity Commission which passed the charges on to the United States Justice Department for review of possible legal action.

15. On or about the 11th day of January, 2008, the Plaintiffs' received a *Right to Sue* letter from the Justice Department permitting the Plaintiffs' to sue within 90 days from the receipt of said letter.

16. All attempts at conciliation have proven to be unsuccessful.

17. Sometime prior to August of 2005, the Plaintiffs, in a show of friendship and comradery, shaved their heads in support of a friend and fellow Deputy, Plaintiff Kalin who had been stricken with the deadly disease of cancer. Plaintiff Kalin was undergoing chemo therapy which had caused him to loose his hair.

18. As a result of this noble act, the Plaintiffs were approached by several African American Deputies including but not limited to Defendant Willis and were questioned as to why their heads had been shaved.

19. Statements were made labeling the Plaintiffs, "skin heads" and derogatory comments soon followed accusing the Plaintiffs of anti Black remarks and racial epithets.

20. Over the course of the next several months, this rumor gained force and promoted a dangerous work environment. The Plaintiffs were approached by inmates in the Justice Center and threatened and ridiculed for this presumed political stance. The African American Deputies grew distant and distrustful of the Plaintiffs. The Plaintiffs were subjected to verbal abuse, life threatening statements made by prisoners, segregation at work and the reality that they would no longer be considered for promotion and/or raises.

21. In addition the families of the Plaintiffs were subjected to ridicule and inflammatory remarks that were the result of the baseless allegations that the Plaintiffs were "skin heads".

22. Although there were many attempts at relating this misconduct to their superiors, specifically Defendant Captain John Woloszyn, none of the Defendants did anything to resolve the underlying problem.

23. Upon information and belief these acts of malfeasance or misfeasance were the direct result of the continuing problems with certain African American Deputies some of which have a pending lawsuit based on discriminatory practices of the Defendants against these African American Deputies.

24. That the Defendants' intentional refusal to resolve the growing problem with the Plaintiffs was the result of discriminatory practices perpetrated on the Plaintiffs.

25. This continuing conduct, fanned by the actions of Defendant Willis caused a racially hostile and unsafe working environment.

26. The Plaintiffs were forced to fill out a 'blue' form outlining their concerns which was submitted to the Defendant County.

27. Procedurally the complaint is to be sent to the Jail Administration Division for review by the Professional Standards Unit, (PSU). However that did not occur and the complaint was forwarded to a Captain within the Sheriff's Department who proceeded to prepare a report that consisted of lies, half truths and fabrications which led to the conclusion that the Plaintiffs were in the wrong, had filed false documentation and were subject to criminal prosecution.

28. This series of events placed the Plaintiffs under more pressure and undue hardship and made it virtually impossible for them to perform their jobs in a professional manner. Fellow deputy sheriffs along with inmates made their distaste known to the Plaintiffs in the form of cruel and mean jibes, remarks, written messages etc.

29. On or about the 3rd day of October, 2005, the Plaintiffs filed a charge with EEOC alleging that they had been discriminated against and subjected to different terms and

conditions than of similarly situated African American Sheriff Deputies. (EEOC Charge 165-2006-00018).

30. As a result of the Defendants proffered defense the Commission issued a determination on December 12, 2005 that based on the information obtained in the investigation, EEOC could not conclude that a violation of the statute occurred.

31. On or about February 21, 2006, the Plaintiffs filed a second charge alleging that the Defendants internal investigation was flawed and based on improper and concocted evidence. This internal investigation was done to retaliate against the Plaintiffs for originally complaining and filing the first complaint.

32. Sometime thereafter the EEOC issued its concluding report and found that indeed the original investigation was flawed and discriminatory and that the result of said flawed investigation would have a chilling effect upon the willingness of individuals to speak out against employment discrimination or to participate in the EEOC's administrative process and that indeed the Plaintiffs were retaliated against in violation of the statute.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, PLAINTIFFS ALLEGE A CLAIM PURSUANT TO SECTION 1981 FOR DISPARATE TREATMENT, RETALIATION AND DISCRIMINATION PURSUANT TO THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION ET AL.**

33. The Plaintiffs repeat and reiterate all the foregoing allegations contained in paragraphs numbered 1-32 inclusive, with the same force and effect as though fully set forth at length

herein.

34. Plaintiffs' harassment and improper treatment and the circumstances under which this conduct arose give rise to an inference of discrimination and retaliation. The Defendant County's handling of the matter and the aberrant investigation that followed was fueled by improper motives. The reasons given by the Defendants, standing alone, are insufficient to justify the conduct perpetrated on the Plaintiffs both jointly and individually.

35. The Defendants' actions are discriminatory in that the Defendants and their employees retaliated and took adverse employment actions against the Plaintiffs for actions that were protected under Title VII and state laws, as well as by public policy.

36. This retaliation resulted in an utter lack of support or advocacy on the Plaintiffs' behalf, disparate treatment, the building of a record of pre textual, contrived incidents and problems, and they did so with malice and/or reckless indifference to their protected rights.

37. Plaintiffs have complied with all conditions precedent to jurisdiction under 42 USC 2000e-5. Specifically, a charge of employment discrimination was filed with the United States Equal Employment Opportunity Commission in August of 2005.

38. As a result of the Defendants' unlawful acts of malfeasance, nonfeasance and retaliatory actions, Plaintiffs have been deprived of all the benefits and privileges of employment. Plaintiffs therefore are entitled to such affirmative relief as may be appropriate under 42 USC 2000e-5(g).

**WHEREFORE:** Plaintiffs respectfully request judgment on their behalf to include the following remedies and monetary rewards except in those matters limited by statute:

1. The sterilization of the personnel records of the Plaintiffs, removing any reference to the incident in question.
2. Compensatory damages in the amount of $1,000.000 for each of the aggrieved Plaintiffs.
3. Punitive damages against the individual Defendants herein to be determined by the Court.
4. Such other and further relief as this Court may deem just and proper.

Dated: April 4, 2008

Steven Cox, Thomas Bingham, Ed Kalen,
Michael McCarty, Robert Scott Feldman
128 Hawthorne Way
Chittenango, New York 13037

# VERIFICATION

**STATE OF NEW YORK)**
**COUNTY OF ONONDAGA)  ss:**

      **Steven Cox**, being duly sworn, deposes and says that deponent is a Plaintiff in the within action; that deponent has read the foregoing Verified Complaint and knows the contents thereof: that the same is true to deponent's knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters deponent believes them to be true.

Dated: ~~March~~ April 8 ~~2006~~ 2008

_____
**Steven Cox**

Sworn to before me this 8 Day
of APRIL, ~~2005~~ 2008

RALPH A. COGNETTI
Notary Public, State of New York
Qualified in Onon. Co.-02CO6055538
Commission Expires Feb. 26, 20 12

8

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF ONONDAGA)   ss:

      **Robert Feldman,** being duly sworn, deposes and says that deponent is a Plaintiff in the within action; that deponent has read the foregoing Verified Complaint and knows the contents thereof: that the same is true to deponent's knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters deponent believes them to be true.

Dated: ~~March~~ APRIL 8 2008 ~~,2006~~

                                                     **Robert Feldman**

Sworn to before me ~~this~~ 8 Day of APRIL, ~~2005~~ 2008

RALPH A. COGNETTI
Notary Public, State of New York
Qualified in Onon. Co.-02CO6055538
Commission Expires Feb. 26, 2012

7

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF ONONDAGA)  ss:

      **Edward Kalin,** being duly sworn, deposes and says that deponent is a Plaintiff in the within action; that deponent has read the foregoing Verified Complaint and knows the contents thereof: that the same is true to deponent's knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters deponent believes them to be true.

Dated: ~~March~~ APRIL 8 2008, 2006

                                                                 Edward Kalin

Sworn to before me this 8 Day
of APRIL ~~2005~~ 2008

RALPH A. COGNETTI
Notary Public, State of New York
Qualified in Onon. Co.-02CO6055538
Commission Expires Feb. 26, 2012

9

## VERIFICATION

**STATE OF NEW YORK)**
**COUNTY OF ONONDAGA)  ss:**

  **Michael McCarty,** being duly sworn, deposes and says that deponent is a Plaintiff in the within action; that deponent has read the foregoing Verified Complaint and knows the contents thereof: that the same is true to deponent's knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters deponent believes them to be true.

Dated: ~~March~~ APRIL 8 2008 ~~,2006~~

                  **Michael McCarty**

Sworn to before me this 8 Day of APRIL, ~~2005~~ 2008

RALPH A. COGNETTI
Notary Public, State of New York
Qualified in Onon. Co. 02CO6055538
Commission Expires Feb. 26, 2012

10

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF ONONDAGA)  ss:

      **Thomas Bingham,** being duly sworn, deposes and says that deponent is a Plaintiff in the within action; that deponent has read the foregoing Verified Complaint and knows the contents thereof: that the same is true to deponent's knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters deponent believes them to be true.

APRIL 8 2008
Dated: ~~March~~ , ~~2006~~

                                                  Thomas Bingham

RALPH A. COGNETTI
Notary Public, State of New York
Qualified in Onon. Co.-02CO6055538
Commission Expires Feb. 26, 2012

6

U.S. Department of Justice

Civil Rights Division

---

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC  20530
www.usdoj.gov/crt/emp/emphome.html

## NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

GCB:WBF:mdw
DJ 170-50-110

JAN  8 2008

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Steven Cox
128 Hawthorne Way
Chittenango, NY 13037

Re: Steven Cox v. Onondaga County Sheriff's
Department, EEOC No. 525-2006-00182

Dear Mr. Cox:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious. You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Buffalo Area Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Elizabeth Cadle, Area Director, EEOC, 6 Fountain Plaza, Suite 350, Buffalo, NY 14202.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

By:  *William B. Fenton*

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Anthony P. Rivizzigno, Esq.
    Onondaga County Sheriff's Department

EEOC District Office



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Elizabeth Cadle
Director

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

Charge No. 525-2006-00182

Steven Cox
126 Hawthorne Way
Chittenango, New York 13037

**Charging Party**

Onondaga County Sheriff's Department
Justice Center
555 South State Street
Syracuse, New York 13202

**Respondent**

## DETERMINATION

I issue the following determination on the merits of the charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and all requirements for coverage have been met. Charging Party alleged that he was discriminated against, in retaliation for having previously complained of racial discrimination.

Charging Party, a Caucasian male, filed a charge against the Respondent on October 3, 2005, alleging that he had been discriminated against and subjected to different terms and conditions than of similarly situated African-American Sheriff Deputies (EEOC Charge 165-2006-00018). Respondent was notified of the charge and an investigation commenced. As a result of Respondent's proffered defense, the Commission issued a determination on December 12, 2005 that based on the information obtained in the investigation, we could not conclude that a violation of the statute occurred.

On February 21, 2006, Charging Party filed the instant charge alleging that Respondent had initiated an internal affairs investigation against him and other deputies who had previously filed charges with the Commission. Charging Party further alleged that he had been informed that Respondent was considering disciplinary action for allegedly making false statements in the original EEOC complaint. Charging Party also claimed that Respondent's original investigation into his racial discrimination and disparate treatment claim was not properly investigated by the Respondent, as it had asserted in its defense to the Commission.

An examination of the evidence obtained in the instant charge revealed that the investigation that the Commission relied upon and had based its finding upon was flawed. Additionally, Respondent's subsequent investigation, conducted by its internal affair unit was discriminatory.

In defense, Respondent asserted that it conducted a thorough investigation and that it could not substantiate the claims. Respondent also denied that it retaliated against the Charging Party and did exactly what was required and that their investigation concluded that Charging Party and another deputy had made false statement to the EEOC in their original complaints.

While Respondent maintains that it actions were non-discriminatory, there is no question that its decision to investigate, and potentially discipline, Charging Party for allegedly falsely filing a statement of discrimination, would have a chilling effect upon the willingness of individuals to speak out against employment discrimination or to participate in the EEOC's administrative process or other employment discrimination proceedings.

Based on this analysis, I conclude that the evidence obtained during the investigation substantiates Charging Party's allegation that he was retaliated against in violation of the statute.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices through informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in a collective effort toward a just resolution to this matter. The confidentiality provisions of Title VII and the Commission Regulations apply to information obtained during conciliation.

If the Respondent does not contact this office within ten (10) days of receipt of this letter and indicate a willingness to enter into the conciliation process, I will assume that conciliation has failed and dismiss the charge, and in accordance with Commission regulations inform the parties in writing of the court enforcement alternatives available to the Charging Party, aggrieved persons and the Commission.

On Behalf of the Commission:

Elizabeth Cadle, Director
Buffalo Local Office

Date: SEP 2 4 2007