UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Steven Cox, Thomas Bingham, Edward
Kalen, Michael McCarty and Robert Scott
Feldman,

                                                  Plaintiffs,

    -v.-                                                         5:08-CV-00387
                                                                   (NPM/GJD)

Onondaga County Sheriff's Department;
Kevin E. Walsh, Sheriff; Captain John
Wolszyn; Deputy Sheriff Odell Willis;
Onondaga County; Nicholas Pirro,
Onondaga County Executive; and
Joannie Mahoney, Onondaga County
Executive,

                                                  Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|

PLAINTIFFS:
Steven Cox, Thomas Bingham,
Edward Kalen, Michael McCarty
and Robert Scott Feldman, each
appearing pro se
128 Hawthorne Way
Chittenango, New York 1037

DEFENDANTS:

| GORDON J. CUFFY | MICHAEL P. MCCARTHY |
| ONONDAGA COUNTY ATTORNEY | Assistant County Attorney |
| Attorneys for Defendants, | |
| Onondaga County Sheriff's Department; | |

Kevin E. Walsh, Sheriff; Captain John
Wolszyn; Onondaga County; Nicholas
Pirro, Onondaga County Executive; and
Joannie Mahoney, Onondaga County
Executive
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, New York 13202

SMITH, SOVIK, KENDRICK &                    EDWARD J. SMITH, III
 SUGNET, P.C.
Attorneys for Defendant,
Deputy Sheriff Odell Willis
250 South Clinton Street
Suite 600
Syracuse, New York 13202-1252


Neal P. McCurn, Senior District Judge

### *MEMORANDUM-DECISION and ORDER*

### *I.*    *Introduction*

Presently before the court is a motion to dismiss the complaint by defendant Deputy Sheriff Odell Willis ("Willis"). Plaintiffs Steven Cox, Thomas Bingham, Edward Kalen, Michael McCarty and Robert Scott Feldman ("Plaintiffs") are, like Willis, Deputy Sheriffs for the Onondaga County Sheriff's Department. Also named as defendants to this action are the County of Onondaga; the Onondaga County Sheriff's Department; Kevin E. Walsh, Onondaga County Sheriff; Captain John Wolszyn; former Onondaga County Executive Nicholas Pirro; and current Onondaga County Executive Joannie Mahoney. Plaintiffs, each appearing pro se,

2

oppose Willis's motion, and Willis replies. The motion is decided on the papers submitted, without oral argument.

## II.     Background

The following allegations in Plaintiffs' complaint ("the Complaint"), which are limited to those regarding Willis, the sole moving defendant, will be accepted as true for purposes of deciding the present motion. See infra, at 5.

Plaintiffs Steven Cox, Thomas Bingham, Michael McCarty and Robert Scott Feldman shaved their heads "in a show of friendship and comradery" to support fellow deputy and plaintiff, Edward Kalen, who had lost his hair as a result of undergoing chemotherapy treatment for cancer. Compl. ¶ 17. Thereafter, Willis and several other African American deputies approached Plaintiffs and inquired regarding the reason why Plaintiffs' heads had been shaved. "Statements were made labeling the Plaintiffs[] 'skin heads' and derogatory comments soon followed accusing the Plaintiffs of anti Black remarks and racial epithets." Id. ¶ 19. "Over the course of the next several months, this rumor gained force and promoted a dangerous work environment." Id. ¶ 20. Inmates threatened and verbally abused Plaintiffs, and the African American deputies became distant and distrustful of Plaintiffs. Plaintiffs were further subject to segregation at work, "and the reality that they would no longer be considered for promotion and/or raises." Id. Willis's actions "fanned" this continuing conduct, which "caused a racially hostile and unsafe working environment." Id. ¶ 25.

According to Plaintiffs, they subsequently filed a charge with the Equal Employment Opportunity Commission ("EEOC"), "alleging that they had been discriminated against and subjected to different terms and conditions than of

3

similarly situated African American Sheriff Deputies." Id. ¶ 29.  Attached to the Complaint is a right-to-sue letter issued to plaintiff Steven Cox on January 8, 2008.  The present action was filed on April 9, 2008, within the time period required by law.[1]

By the Complaint, Plaintiffs first allege that this action is one for retaliation for having complained of racial discrimination arising under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); New York Human Rights Law, section 290 of the New York Executive Law ("NYHRL"); 42 U.S.C. §§ 1981, 1983, 1985, and 1988; the Fourteenth Amendment to the United States Constitution; and Article 1, Section 11 of the Constitution of the State of New York.  The caption of Plaintiffs' sole cause of action against the defendants indicates that it is a claim "pursuant to section 1981 for disparate treatment, retaliation and discrimination pursuant to the [Fourteenth] Amendment of the United States Constitution et al."  See Compl., caption between ¶¶ 32 and 33.  However, Plaintiffs continue in their subsequent allegations to explain that the defendants retaliated against Plaintiffs for actions protected under Title VII, that Plaintiffs have complied with the conditions precedent to a Title VII action and that they are entitled to relief under that statute.  See id. ¶¶ 35, 37-38.

---

[1] To be sure, ninety-two days elapsed between the date on the right-to-sue letter and the date this action was commenced.  In order for an action to be considered timely under Title VII, it must be commenced within ninety days of receipt of a right-to-sue letter.  Courts presume that such documents are received three days after the date on which it was sent.  Said presumption is rebuttable by admissable evidence.  While no such evidence has yet been provided here, the court deems at this stage of the litigation that this action has been timely commenced.  See Hughes v. Elmira College, 584 F.Supp.2d 588, 590 (W.D.N.Y. 2008).

Willis seeks dismissal of the entire complaint against him for failure to state claims upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Willis argues that Plaintiffs cannot state a Title VII claim against him because individuals cannot be held liable under that statute. Willis makes the same argument against Plaintiffs' NYHRL claim, and further argues that Willis does not fall within the exceptions to individual liability under that statute. Finally, Willis argues that the allegations in the Complaint regarding his involvement in the actions underlying Plaintiffs' claims do not sufficiently state claims against him under §§ 1981, 1983, 1985, 1988 or either the United States or New York Constitutions.

## III.   Discussion

### A.  Legal Standard

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of fact in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. See World Religious Relief, Inc. v. Sirius Satellite Radio, Inc., No. 05-CV-8257, 2007 WL 2261549, at *1 (S.D.N.Y. Aug. 7, 2007) (quoting Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.1994)). A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the complaint includes "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).[2] The Court of Appeals for the Second Circuit has interpreted the

---

[2] By its opinion in Bell Atlantic, the Supreme Court abrogated the often-cited language of Conley v. Gibson "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. 544, ----, 127 S.Ct. 1955, 1968 (2007) (quoting Conley, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). In doing so, the Court found that Conley "described the

5

foregoing language to require that lower courts apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" but does not require a heightened pleading standard for civil rights claims. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007) (emphasis in original). In accordance with this standard, the plaintiff is required, "at a bare minimum, . . . [to] provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Goldstein v. Pataki, 516 F.3d 50, 56 -57 (2d Cir. 2008) (citing ATSI Commc'ns., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)) (quoting Twombly, 127 S.Ct. at 1965))).

      The court is also mindful of the well-established principle that a pro se litigant's papers are to be construed liberally, especially when civil rights violations are alleged. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 ( 2d Cir. 2008) (internal citations omitted).  Thus, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Boykin v. KeyCorp,  521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam)). Accordingly, the court must interpret Plaintiff's "submissions to raise the strongest arguments that they suggest." Diaz v. United States,  517 F.3d 608, 613 (2d Cir. 2008) (internal quotation and citation omitted).  Further, "when reviewing pro se submissions, a district court should look at them 'with a lenient

---

breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id., at 1969.

eye, allowing borderline cases to proceed.'" Phillips v. Girdich, 408 F.3d 124, 127-128 (2d Cir. 2005) (quoting Fleming v. United States, 146 F.3d 88, 90 (2d Cir.1998) (per curiam)).

### B. Title VII Claim

Before discussing Willis's argument for dismissal of Plaintiffs' Title VII claim against him, the court is constrained to point out that although Plaintiffs allege they filed a charge with the EEOC, the right-to-sue letter attached to the Complaint is addressed solely to plaintiff Steven Cox. Accordingly, the Title VII claim against all defendants by plaintiffs Thomas Bingham, Edward Kalen, Michael McCarty and Robert Scott Feldman is sua sponte dismissed without prejudice to renew by the filing of an amended complaint with, as an attachment thereto, a right-to-sue letter issued to each of said plaintiffs. See Grey v. Promenade Rehab. & Care Ctr., 145 Fed. Appx. 705 (2d Cir. 2005).

As to the present motion by defendant Willis, he is correct, and Plaintiffs appear to concede, that "individuals are not subject to liability under Title VII." Patterson v. County of Oneida, New York, 375 F.3d 206, 221 (2d Cir. 2004) (quoting Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir.2000) (per curiam)). Accordingly, Willis's motion to dismiss the Title VII claim against him is granted.

### C. NYHRL Claim

Unlike Title VII, the NYHRL provides for liability of individual co-workers in limited circumstances. See Rojas v. Roman Catholic Diocese of Rochester, 557 F.Supp.2d 387, 393 (W.D.N.Y. 2008); Maney v. Corning, Inc., 547 F.Supp.2d 221, 229-230 (W.D.N.Y. 2007); Pasqualini v. MortgageIT, Inc., 498 F.Supp.2d 659, 666 (S.D.N.Y. 2007).

7

Pursuant to the NYHRL, it is "an unlawful discriminatory practice" for an employer "to discriminate against [an] individual in compensation or in terms, conditions or privileges of employment" because of, among other things, race. See N.Y. EXEC. LAW § 296.1(a) (McKinney 2008).

A person may not be deemed an "employer" within the meaning of the NYHRL unless he is shown to have (1) an ownership interest in the corporation or (2) any power to do more than carry out personnel decisions made by others. See Patrowich v. Chemical Bank, 473 N.E.2d 11, 63 N.Y.2d 541, 542, 483 N.Y.S.2d 659 (1984) (emphasis added). According to the Complaint, Willis is, like Plaintiffs, a Deputy Sheriff. The Complaint is devoid of any allegation that Willis is in a position to "do more than carry out personnel decisions made by others." Therefore, Plaintiffs have failed to state a claim against Willis under § 296.1.

According to the Complaint, however, Plaintiffs also allege that Willis aided and abetted the discriminatory conduct at issue here. See Compl. ¶ 25. In order for a plaintiff to recover against an aider or abettor of NYHRL violations pursuant to § 296.6, he must establish "(1) that []he engaged in conduct protected by the NYHRL; (2) there is a causal connection between the protected conduct and the alleged [violations] of the NYHRL; and (3) that [the defendant] 'actually participated' in the discrimination." Beattie v. Guilderland Cent. Sch. Dist., 124 F.Supp.2d 802, 805 (N.D.N.Y. 2000) (citations omitted). Further, a plaintiff must show that the defendant "aided or abetted a primary violation of the NYHRL committed by another employee or the business itself." Jordan v. Cayuga County, No. 01-CV-1037, 2004 WL 437459, at *4 (N.D.N.Y. Feb. 9, 2004), quoting Bennett v. Progressive Corp., 225 F.Supp.2d 190, 213 (N.D.N.Y. 2002) (internal

8

quotation and emphasis omitted).

Here, Plaintiffs allege that Willis, by his actions, "fanned" the continuing conduct of ridicule and threats against Plaintiffs by African American Deputies and inmates, creating "a racially hostile and unsafe working environment." Compl. ¶ 25.  Thus, assuming Plaintiffs can establish a claim of discrimination against their employer, which is an issue not presently before the court, then Plaintiffs have successfully stated an aiding and abetting claim against Willis under the NYHRL.  Accordingly, Willis's motion to dismiss Plaintiffs' claims against him is denied in this regard.

### *D. Remaining Claims*

The Complaint may be interpreted to state additional claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 as well as an equal protection claim under the United States and New York State Constitutions.  Willis argues that Plaintiffs fail to state a claim against him under any of those statues or constitutional provisions.

#### *1. 42 U.S.C. § 1981*

According to section 1981, "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens... ."  See 42 U.S.C. § 1981(a) (2006).  In order to establish a claim pursuant to § 1981, a plaintiff must submit evidence that (1) he is a member of a racial minority, (2) defendants intended to discriminate against him on the basis of his race, and (3) the discrimination concerned an activity enumerated in the statute.  See Lauture v. Int'l Bus. Machs. Corp., 216 F.3d 258, 261 (2d Cir. 2000).

Plaintiffs here, by their own admission, are not members of a racial

minority. See Compl. ¶¶ 4-8.  Although the Court of Appeals for the Second Circuit has held that whites have standing to sue under § 1981, same is reserved for whites who have been punished for attempting to vindicate the rights of minorities.  See Hall v. New York Hosp., No. 00-Civ.-7858, 2003 WL 22902125, at *3 (S.D.N.Y. 2003) (citing DeMatties v. Eastman Kodak Co., 511 F.2d 306, 312 (2d Cir.1975)).  According to the allegations in the Complaint, such is not the case here.  Therefore, to the extent Plaintiffs seek to pursue a § 1981 claim against Willis, or any other defendant, said claim is dismissed.  See Gorenflo v. Penske Logistics, 592 F.Supp.2d 300, 302 (N.D.N.Y. 2009) (sua sponte dismissing § 1981 claims).

### *2. 42 U.S.C. § 1983*

In order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and that the violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55 (1988); 42 U.S.C. § 1983 (2005).  Further, in any action under § 1983, a plaintiff must establish the defendant's personal involvement in the alleged constitutional deprivation in order for that defendant to be held liable.  See Nash v. McGinnis, 585 F.Supp.2d 455, 460 (W.D.N.Y. 2008) (citing Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 254 (2d Cir.2001); Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir.2001)).

Here, Plaintiffs allege violations of their right to equal protection under the Fourteenth Amendment as a predicate to their claim under § 1983.  Plaintiffs also allege an equal protection claim under Article I, Section 11 of the New York State Constitution.  Because the equal protection provision in Section 11 "was intended to afford coverage as broad as that provided by the Fourteenth Amendment[,]"

Brown v. State, 674 N.E.2d 1129, 1140, 89 N.Y.2d 172, 190, 652 N.Y.S.2d 223, 234 (1996), Plaintiffs' federal and state equal protection claim will be analyzed concurrently.

"To state a claim for a violation of the Equal Protection Clause, Plaintiff[s] must allege facts plausibly suggesting that [they were] intentionally treated differently from others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class." Smith v. Fischer, No. 9:07-CV-1264, 2009 WL 632890, at *10 (N.D.N.Y. Mar. 9, 2009). Here, Plaintiffs' sole allegation which may be interpreted to set forth an equal protection claim, aside from their citation of the relevant federal and state constitutional provisions, is that they "filed a charge with [the] EEOC alleging that they had been discriminated against and subject to different terms and conditions than of similarly situated African American Sheriff['s] Deputies." Compl. ¶ 29.

Defendants argue that Plaintiffs fail to allege which specific acts by Willis amounted to a constitutional deprivation. To be sure, the Supreme Court has held that there is no heightened pleading standard for claims pursuant to § 1983, and all that is required is "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163 (1993) (quoting Conley, 355 U.S. at 47, 78 S.Ct. at 103) (internal quotations omitted).[3] See also Phelps v. Kapnolas,

---

[3] Abrogated on other grounds by Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). To be sure, the Court in Bell Atlantic, while rejecting Conley's "no set of facts" language, nonetheless favorably cited the "fair notice" language cited here. See 127 S.Ct. at 1964.

11

308 F.3d 180, (2d Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002)).  Defendants are correct that here, Plaintiffs' sole allegations regarding the involvement of defendant Willis are that he is an African American Deputy Sheriff, he asked Plaintiffs why they shaved their heads, and his actions "fanned" the continuing conduct of ridicule and threats against Plaintiffs by African American Deputies and inmates, creating "a racially hostile and unsafe working environment."  See Compl. ¶¶ 11, 18 & 25.  The Complaint is devoid of any allegations which would give Willis notice of the basis of an equal protection claim against him.  Accordingly, Willis's motion to dismiss Plaintiffs' § 1983 equal protection claim as well as Plaintiffs' equal protection claim under the New York State Constitution is granted.

### *3.  42 U.S.C § 1985*

Finally, Plaintiffs also purport to set forth a conspiracy claim against the defendants here pursuant to 42 U.S.C. § 1985.  The elements of such a claim are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) a person who is either injured in his person or property or deprived of any right of a citizen of the United States.  See 42 U.S.C. § 1985(3) (2005).  See also Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999); Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087-88 (2d Cir. 1993) (citation omitted).  Furthermore, a plaintiff must also establish that the conspirators' action was motivated by some racial discriminatory animus.  See id. at 1088.

The Court of Appeals for the Second Circuit has held that a heightened pleading standard does exist for claims of conspiracy under § 1985.  See

<u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324-25 (2d Cir. 2002). Defendants argue, and the court here finds, that Plaintiffs have failed to allege sufficient facts to state conspiracy claim against Willis. Accordingly, Willis's motion to dismiss Plaintiffs § 1985 claim against him is granted.

## *IV.* *Conclusion*

In accordance with the foregoing analysis it is ORDERED that the motion to dismiss filed by defendant Deputy Sheriff Odell Willis, <u>see</u> Dkt. No. 16, is GRANTED in part and DENIED in part, and it is further

ORDERED that the Title VII claim against defendants County of Onondaga; Onondaga County Sheriff's Department; Kevin E. Walsh, Onondaga County Sheriff; Captain John Wolszyn; Onondaga County Executive Nicholas Pirro; and Onondaga County Executive Joannie Mahoney by plaintiffs Thomas Bingham, Edward Kalen, Michael McCarty and Robert Scott Feldman is sua sponte DISMISSED without prejudice to renew in accordance with this Memorandum, Decision and Order, and it is further

ORDERED that claim pursuant to 42 U.S.C. § 1981 by all plaintiffs against all defendants is sua sponte DISMISSED.

IT IS SO ORDERED.

DATED:   March 31, 2009
         Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge